UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
JORDYN P. MOSES,
Plaintiff, pro se
v. Case No. 3:24-CV-00674-FDW-SCR
CENTRAL PORTFOLIO CONTROL, INC.,
Defendant,

FILED
CHARLOTTE, NC

AUG 14 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

COMPLAINT FOR VIOLATION OF FCRA, 15 U.S.C. § 1681p, 15 U.S.C. § 1681b(f), et seq.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.
2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in Mecklenburg County, North Carolina and Defendant transacted business in this District that caused harm to Plaintiff.

## PARTIES

1. Plaintiff Jordyn P. Moses is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c), residing in Mecklenburg County, North Carolina.
2. Defendant Central Portfolio Control Inc. is a corporation that services accounts receivable, collects delinquent debts, and engages in other activities related to receivables owned by third-party creditors. Defendant is incorporated in Minnesota, with a Registered Agent of CT Corporation System located at 160 Mine Lake Court Suite #200 of Raleigh, North Carolina 27615.

## FACTUAL ALLEGATIONS

6. On or about January 5, 2024, Plaintiff obtained and reviewed a copy of her consumer report from TransUnion, LLC.
7. On or around March 27, 2023, Defendant accessed Plaintiff's consumer report from TransUnion LLC.

8. Plaintiff does not have any accounts and has no business relationship or other dealings with Defendant which would provide a permissible purpose for Defendant to access her consumer report
9. Plaintiff did not authorize Defendant to access or procure her consumer report.
10. Defendant did not have any permissible purpose under 15 U.S.C. § 1681b to obtain Plaintiff's consumer report as required by 15 U.S.C. § 1681b(f).
11. As a result of Defendant's actions and violations of law, Plaintiff has suffered actual damages, mental and emotional distress, and harm to her reputation.

CAUSE OF ACTION
COUNT I – VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(f)

12. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.
13. The FCRA prohibits a person from using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose permitted under 15 U.S.C. § 1681b(f), which includes having a permissible purpose.
14. By obtaining Plaintiff's consumer report without a permissible purpose, Defendant willfully and negligently violated 15 U.S.C. § 1681b(f) of the FCRA.
15. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual damages, statutory damages of $1,000 per violation, costs and reasonable attorney's fees.

COUNT II – INTRUSION UPON SECLUSION

16. Plaintiff incorporates the preceding paragraphs.
17. Defendant intentionally intruded upon Plaintiff's solitude, seclusion, or private affairs by procuring her consumer report without authorization.
18. Defendant's actions would be highly offensive to a reasonable person.
19. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff Jordyn P. Moses respectfully requests that this Court:

(i) Award Plaintiff actual damages, to be determined at trial, resulting from Defendant's violations including but not limited to mental anguish, emotional distress, invasion of privacy, humiliation, anxiety, lost time, and damage to her reputation;
(ii) Award Plaintiff statutory damages of $1,000 per violation of the FCRA pursuant to 15 U.S.C. § 1681n(a);
(iii) Award Plaintiff punitive damages for Defendant's willful noncompliance with the FCRA under 15 U.S.C. § 1681n(a)(2);

(iv) Award Plaintiff punitive damages for Defendant's intrusion upon her seclusion and privacy;
(v) Declare that Defendant is financially responsible for notifying all those who wrongfully obtained Plaintiff's consumer report of the judgment against Defendant;
(vi) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a) and 15 U.S.C § 1681n(a)(3)
(vii) Injunctive and equitable relief prohibiting Defendant from further unlawful access of consumer reports; and
(viii) Such other and further relief as the Court deems just and proper.

Respectfully Submitted

*[signature]*